IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
MAY 17 2000
JAMES W. McCORMACK, CLERK
By: Jean Surman
DEP.CLERK

LARRY COOPER AND SHARON COOPER, INDIVIDUALLY, AND AS PARENTS, NATURAL GUARDIANS AND BEST FRIENDS OF JESSICA COOPER, A MINOR, AND JESSICA COOPER, INDIVIDUALLY (NOW AN ADULT) — PLAINTIFFS

This case assigned to District Judge Moody
and to Magistrate Judge Cavaneau

VS. NO. 3:00CV00195 JMM

LARRY LAWSON, M.D. — DEFENDANT

## COMPLAINT

Comes the plaintiffs, Larry and Sharon Cooper, Individually, and as Parents, Natural Guardian and Best Friends of Jessica Cooper, and Jessica Cooper Individually, by and through their attorneys, McDaniel & Wells, P.A., and for their Complaint against the defendant, states:

1. That at the time of the occurrence referred to herein and at the time of the filing of this action, the plaintiffs were and are residents of the State of Missouri.

2. That at the time of the occurrence referred to herein and at the time of the filing of this action, the defendant was and is a resident of the State of

McDANIEL
WELLS, P.A.
-Attorneys at Law-
400 South Main
nesboro, AR 72401
(870) 932-5950
X (870) 932-0919

Arkansas.

3. That the events giving rise to this cause of action occurred in Paragould, Greene County, Arkansas, which is located in the Eastern District of Arkansas.

4. That this Court has jurisdiction of this cause pursuant to 28 U.S.C.A.§ 1322 in that there exists complete diversity of citizenship among the parties to this action and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. That this Court has jurisdiction over this cause, the parties hereto and the venue of this action is properly placed with this Court.

6. That Jessica Cooper is the daughter of Larry Cooper and Sharon Copper. Jessica Cooper's date of birth is May 13, 1981. At the time of the surgery referred to in this action, Jessica Cooper was a minor, then 17 years of age. At the time of the filing of this action, Jessica Cooper has reached the age of majority.

7. That on May 27, 1998, Jessica Cooper, then 17 years of age, was admitted to Arkansas Methodist Hospital in Paragould, Arkansas, under the care of the defendant, Larry Lawson, M.D., (hereinafter referred to as Dr. Lawson), for the purposes of performing a laparoscopic cholecystectomy, i.e., removal of the

McDANIEL
WELLS, P.A.
Attorneys at Law
100 South Main
esboro, AR 72401
(870) 932-5950
X (870) 932-0919

gallbladder by laparoscope instead of by an open incision.

8. That during the course of the attempted laparoscopic cholecystectomy, on May 27, 1998, Dr. Lawson attempted to push the trocar instrument through the facia. However, because of the physical pressure of pushing the trocar exerted by Dr. Lawson, the knife of the trocar pushed thought the facia and contused the prevertebral facia and caused two lacerations in the small bowel mesentery.

9. That because Dr. Lawson could not visualize the extent of the damage and trauma in the abdomen due to the trocar contusing the prevertebral facia, the procedure was changed from a laparoscopic procedure to an open incision and abdominal exploration to determine the extent of the damage and to repair any lacerations or tears of soft tissue or vessels. The gallbladder was not removed either laparoscopically or during the open procedure.

10. That the defendant, Dr. Lawson was negligent and deviated from the applicable standard of care in the performance of the laparoscopic cholecystectomy on Jessica Cooper in the following particulars, including, but not limited to:

a. That the defendant, Dr. Lawson failed to properly control the surgical instrument and exerted excessive force on the instrument causing internal injuries and damage;

b. That the defendant, Dr. Lawson, upon encountering

McDANIEL
WELLS, P.A.
–Attorneys at Law–
400 South Main
nesboro, AR 72401
(870) 932-5950
AX (870) 932-0919

difficulty in pushing the trocar through the facia, failed to adequately protect the patient from injury from excessive force;

c. That the defendant, Dr. Lawson, failed to apply and use reasonable, normal and appropriate surgical technique;

d. That the defendant, Dr. Lawson, failed to consider and proceed with alternative procedures to avoid inadvertent injuries;

e. That the defendant, Dr. Lawson, failed to provide and utilize techniques and safeguards to prevent excessive penetration of the trocar; and,

f. That the defendant, Dr. Lawson, otherwise failed to comply with the applicable standard of care in the surgical procedure.

11. That the defendant, Dr. Lawson, in the examination, diagnosis, obtaining informed consent, surgery, treatment, follow-up and overall care of Jessica Cooper failed to conform his conduct to that required of a board certified specialist in surgery in the Paragould, Arkansas, area or in a similar locality for a patient such as Jessica Cooper and that his conduct deviated below the accepted standard of care which proximately resulted in injuries and damages to the plaintiffs.

12. That the defendant, Dr. Lawson was negligent, in the alternative theory of res ipsa loquitur in that the injuries would not have occurred if Dr.

McDANIEL
WELLS, P.A.
-Attorneys at Law-
400 South Main
nesboro, AR 72401
(870) 932-5950
X (870) 932-0919

Lawson had adhered to the appropriate standard of care.

13. That in addition to the specific foregoing allegations of negligence and the allegations of negligence by the defendant under the theory of res ipsa loquitur, the plaintiffs further states that the defendant failed to obtain an appropriate informed consent from the patient and her parents to conduct the procedure.

14. That as a proximate result of the negligence of Dr. Lawson, which resulted in hematoma of the prevertebral facia and lacerations of the small bowel mesentery, Jessica Cooper was required to receive three units of blood; the prevertebral facia was damaged and a hematoma resulted; the small bowel mesentery was lacerated in at least two places; an incision of approximately 8 - 10 inches in length was required to be made on the abdomen of Jessica Cooper, resulting in permanent scarring and disfigurement; and the surgery was abandoned without removal of the gallbladder.

15. That the injuries and damages to the plaintiffs were proximately caused as a result of the negligence of and deviations from the applicable standard of care by Dr. Lawson in the performance of the attempted laparoscopic cholecystectomy which was converted to an open exploration and suture of small

**McDANIEL WELLS, P.A.**
-Attorneys at Law-
400 South Main
[Jon]esboro, AR 72401
(870) 932-5950
[FA]X (870) 932-0919

bowl mesentery.

16. That the time of the operative procedure, Jessica Cooper was a minor and the plaintiffs, Larry Cooper and Sharon Cooper were responsible for medical care and expenses incurred on her behalf and are entitled to compensated for medical expenses for the extended hospitalization, follow-up care, ICU treatment, and subsequent medical care incurred on behalf of Jessica Cooper. Furthermore, the plaintiffs, Larry Cooper and Sharon Cooper, as parents of Jessica Cooper, are entitled to recover, on her behalf, the pain, suffering and mental anguish experience by Jessica Cooper prior to the time Jessica Cooper reached the age of majority.

17. That as a proximate result of the negligence and deviations from the appropriate standard of care by Dr. Lawson, Jessica Cooper endured mental anguish, conscious pain and suffering in the past and will endure conscious pain, suffering and mental anguish in the future; incurred expenses for medical care and treatment in the past and will incur expenses for medical care and treatment in the future; has permanent scarring and disfigurement; has incurred expenses for transportation to receive medical care and treatment; has lost earnings and earnings capacity in the past and in the future; and, for all of which, the plaintiffs should

McDANIEL
WELLS, P.A.
Attorneys at Law–
100 South Main
esboro, AR 72401
(870) 932-5950
X (870) 932-0919

have and recover judgement from and against the defendant, Dr. Lawson, in an amount in excess of the amount required for federal court diversity jurisdiction.

18. That the plaintiffs reserve the right to amend and plead further in this case.

19. That the plaintiffs were guilty of no comparative fault in causing the injuries and damages referred to herein.

WHEREFORE, the plaintiffs pray that they have and recover judgment from and against the defendant in an amount in excess of the minimum amount required for federal court diversity jurisdiction, exclusive of interest and costs, and that they have in addition thereto, all costs and other rights and remedies available by law.

Respectfully submitted.

McDANIEL & WELLS, P.A.
Attorneys at Law
400 South Main
Jonesboro, AR 72401
(870) 932-5950

Bobby McDaniel
Arkansas Bar #72083

McDANIEL
WELLS, P.A.
Attorneys at Law
100 South Main
esboro, AR 72401
(870) 932-5950
X (870) 932-0919